UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CR463 HEA |
| | ) | |
| MAURICE SANDFORD, | ) | |
| | ) | |
| Defendant, | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Maurice Sandford's Motion Pursuant to 18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order and for Release on Bond, [Doc. No. 120]. For the reasons set forth below, the Motion is denied.

## Facts and Background

Defendant was charged by indictment in Count One with conspiracy to traffic in cocaine powder and crack cocaine between the Fall, 2007 and the filing of the indictment, and in Count Seven with unlawfully possessing more than 50 grams on January 15, 2009. These counts are brought under 21 U.S.C. § 841(a)(1). Each Count carries a potential statutory maximum penalty of imprisonment for not less than 10 years and up to life.

## Standard and Scope of Review

Title 18, United States Code, Section 3145(b) governs a motion for revocation of a magistrate judge's detention order. Section 3145(b) provides:

> If a person is ordered detained by a magistrate judge ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).

This Court reviews the Detention Order under a de novo standard. See, e.g., *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir.1985) (en banc) (discussing 18 U.S.C. § 3145(b)).

Under the terms of the Bail Reform Act, 18 U.S.C. 3141 et seq. , Defendant must be detained pending trial if the Court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. § 3142(e); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir.2003).

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g) (emphasis in original). The Court now considers these factors.

Defendant is 31 years old. He is married and has three children by his wife. He has two other children by other mothers. He works part time doing odd jobs and hauling.

Defendant is charged with serious narcotics violations. He has been charged with over 50 grams of crack cocaine. He was allegedly involved in a conspiracy with a sizable number of other defendants to distribute the cocaine and cocaine base.

Defendant is a longtime user of marijuana. Although he was enrolled in an

outpatient drug treatment program, he had to restart the program because he failed to attend counseling and testing as directed.

Defendant has an extensive criminal background.  At age 20, he plead guilty to felony possession of a controlled substance.   At age 26, he pled guilty to two counts of misdemeanor drug violations.  At age 27, he pled guilty to two counts of criminal non-support.  In May, 2008, at age 30, Defendant was arrested for drug trafficking and misdemeanor marijuana possession.  He absconded from probation supervision.  On January 15, 2009, when the grand jury found probable cause to believe Defendant committed the offense charged in Count Seven, Defendant was on state probation.  On January 23, 2009, Defendant pled guilty to the May 8, 2008 drug trafficking charge and was placed on probation.  Defendant's state probation officer has recommended that Defendant's state probation be revoked.

While there is some evidence weighing in Defendant's favor, considering all of the foregoing factual findings the Court concludes  that Judge Noce's Detention Order was proper.  The clear and convincing evidence in the record establishes that Defendant's release will not reasonably protect the community from further criminal offenses by Defendant.  The evidence establishes that Defendant may not refrain from committing a further drug related violation.  Defendant is less than reliable in terms of reporting to his state probation officer and the alleged crimes charged

herein were allegedly committed while Defendant was already on probation for other drug crimes. The court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required...." 18 U.S.C. § 3142(e).

## Conclusion

Based upon the Court's *de novo* review of Judge Noce's Detention Order, the Court concludes that detention was and remains proper.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sandford's Motion Pursuant to 18 U.S.C. § 3145(b) for *De Novo* Review of Detention Order and for Release on Bond, [Doc. No. 120], is **DENIED**.

**IT IS FURTHER ORDERED** that the Detention Order entered on July 27, 2009 is **AFFIRMED**.

Dated this 31st day of August, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE